[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14669
Non-Argument Calendar

_____

D. C. Docket No. 06-00009-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX ASTORGA RODRIGUEZ,
a.k.a. Felix Asterido,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 15, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellant was convicted in the district court on a plea of guilty to illegal

reentry into the United States after deportation for an aggravated felony, and sentenced to prison for a term of 87 months. He now appeals his sentence, contending that it is unreasonable.

Section 3553(a) of Title 18 of the United States Code requires that a district court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth in § 3553(a)(2). 18 U.S.C. § 3553(a). Those purposes are:

> the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). The district court must also consider the other factors listed in § 3553(a), which are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; . . . [2] the kinds of sentences available; [3] the Sentencing Guidelines range;[1] [4] pertinent policy statements of the Sentencing Commission; [5] the need to avoid unwanted sentencing disparities; and [6] the need to provide restitution to victims." United States v. Talley, 431

---

[1] In this case, the Sentencing Guidelines prescribed a term of imprisonment of between 70 to 87 months based on a total offense level of 21 and a criminal history category of V. The court appropriately consulted the Guidelines and this sentence range in fashioning Appellant's sentence.

F.3d 784, 786 (11th Cir. 2005)(citing 18 U.S.C. § 3553(a)).  The district court is not required, however, to state on the record that it has explicitly considered each of the § 3553(a) factors or even to discuss each of those factors.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  Rather, it is sufficient that the district court acknowledge that "it has considered the defendant's arguments and the factors in section 3553(a)."  Talley, 431 F.3d at 786.  In addition, while a sentence within the guidelines range is not per se reasonable, it is expected to be reasonable. Id. at 788.

We conclude that appellant's sentence is reasonable.  First, the district court considered the Guidelines as advisory as Booker requires.  Second, the court considered the factors listed in 18 U.S.C. § 3553(a), specifically referring to the need for the sentence to provide deterrence.  Third, the court considered the sentence sufficient but not greater than necessary to meet the factors in § 3553(a)(2).  Fourth, the court stated that it had heard and considered appellant's arguments and testimony in mitigation, but rejected the contention that a shorter sentence would be appropriate.  Fifth, the sentence is within the guidelines range and, although it is not presumed to be reasonable, it is at least expected to be reasonable.

We find no basis for setting aside appellant's sentence.  It is therefore due to

be, and is,

AFFIRMED.